**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **AUCTUS FUND, LLC,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. __________________** |
| **OPTEC INTERNATIONAL, INC., and ROGER E. PAWSON,** | : | |
| **Defendants.** | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. The Plaintiff, Auctus Fund, LLC (hereinafter "Auctus" or the "Fund"), respectfully submits its Complaint and Demand for Jury Trial (hereinafter the "Complaint") against the Defendants, Optec International Inc., (hereinafter the "Company" or "OPTI"), and Roger E. Pawson (hereinafter "Pawson"), the Chief Executive Officer (hereinafter "CEO") of the Company, in the above-captioned action.

2. The Plaintiff's allegations, as set out herein, are asserted for damages, punitive damages, costs and attorney's fees, and injunctive and equitable relief arising from, and resulting from the Defendants' violations of the following:

a) Section 10(b) of the Securities Exchange Act of 1934, *as amended* (hereinafter the "Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5;

b) "control person" liability pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a);

c) Massachusetts Uniform Securities Act, M.G.L. c.110A, §§ 101, *et seq.*, *as amended* (hereinafter the "Uniform Securities Act");

d) "control person" liability pursuant to Section 410(b) of the Uniform Securities Act, M.G.L. c. 110A, § 410(b);

e) breach of contract;

f) breach of implied covenant of good faith and fair dealing;

g) unjust enrichment;

h) breach of fiduciary duty;

i) fraud and deceit;

j) negligent misrepresentation; and/or

k) the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §§ 2 and 11.

3. The Plaintiff further alleges that, as a result and as caused by the Defendants' breaches, actions, omissions, policies, practices, and/or courses of conduct, Auctus has suffered irreparable harm, requiring injunctive relief and specific performance, harm to its business and reputation in the investment industry, damages from the Defendants' coercion, duress, and unfair and deceptive anti-competitive acts, causing lost revenue, lost profits and prospective business, together with its injuries and damages.

4. The Plaintiff respectfully requests that its causes of action against the Defendants proceed to a trial by jury, that a judgment be entered on all Counts against the Defendants and that Auctus be awarded its general, compensatory and consequential damages and losses, costs, interest, plus multiple and/or punitive damages, attorneys' fees, and grant, order and enter

temporary, preliminary and permanent injunctive and equitable relief, and grant, order and enter declaratory relief, and any such other relief as this Honorable Court deems just and appropriate.

## II. PARTIES

5. The Plaintiff, Auctus Fund, LLC is a duly organized Delaware limited liability company with its principal place of business located at 545 Boylston Street, Suite 200, Boston, Massachusetts 02116.

6. Upon information and belief, the Defendant, Optec International, Inc., is a corporation, duly organized in the State of Nevada, with a principal place of business located at 2721 Loker Avenue West, Carlsbad, California 92010.

7. Upon information and belief, the Defendant, Roger E. Pawson, is a resident of the State of California.

## III. JURISDICTION AND VENUE

8. The Plaintiff asserts that this Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and pursuant to Section 22(a) of the Securities Act of 1933, as amended, 15 U.S.C. § 77v(a) (hereinafter the "Securities Act"), and Section 27(a) of the Exchange Act, 15 U.S.C. §78aa(a).

9. The Plaintiff further contends that, pursuant to 28 U.S.C. § 1391(b), venue is proper in the District of Massachusetts in that, pursuant to the Transaction Documents (defined below), the Parties agreed that any and all disputes between and/or among them shall be brought, *inter alia*, in the state or federal courts in the Commonwealth of Massachusetts. Additionally, this Court is such District where the Plaintiff is headquartered and has its principal place of business, and is where the violated conduct described herein is alleged to have occurred.

10. This Court has personal jurisdiction, generally and specifically, over the Defendants by express terms of the Agreement, and as arising from its extensive business contacts, generally over time and specifically in its business dealings with the Plaintiff, within the Commonwealth of Massachusetts.

## IV. FACTUAL BACKGROUND

### A. The 2020 Litigation

11. In or about July 2020, the Plaintiff filed an action in this Honorable Court against the Defendants, alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5, as promulgated thereunder, violations of the Massachusetts Uniform Securities Act, M.G.L. c. 110A, breach of contract, and various related claims, styled as *Auctus Fund, LLC v. Optec International, Inc. and Roger Pawson*, Dkt. No. 1:20-cv-11308-DJC (U.S. Dist. Ct., D. Mass.)(Casper, J.) (hereinafter the "Prior Litigation"). A copy of the Docket in the Prior Litigation is attached, restated and incorporated by reference herein as **Exhibit 1**; a copy of the Plaintiff's Complaint, with Exhibit A – H, in the Prior Litigation (hereinafter the "Prior Complaint") is attached, restated and incorporated by reference herein as **Exhibit 2**.

12. In the Prior Complaint, the Plaintiff alleged, *inter alia*, in pertinent part, as follows against the Defendants:

> 11. On or about November 17, 2017, the Company executed, *inter alia*, a certain Securities Purchase Agreement (hereinafter the "First Purchase Agreement" or the "First SPA") and a certain Convertible Promissory Note (hereinafter the "First Note" and, with the First SPA and other documents, collectively hereinafter the "First Transaction Documents"), thereby entering into a contract with Plaintiff Auctus for its securities investments in OPTI. Upon various dates, the Plaintiff successfully converted the Defendants' obligations into publicly traded shares of OPTI common stock, and, as of on or about June 14, 2018, had fully recouped its OPTI investment on the First SPA and the First Note.
>
> 12. On or about April 30, 2018, the Company executed, *inter alia*, a certain Securities Purchase Agreement (hereinafter the "Second Purchase Agreement" or

the "Second SPA") and a certain Convertible Promissory Note (hereinafter the "Second Note" and, with the Second SPA and other documents, collectively hereinafter the "Second Transaction Documents"), thereby entering into a further contract with Plaintiff Auctus for its additional securities investments in OPTI. Upon various dates, the Plaintiff successfully converted the Defendants' obligations into publicly traded shares of OPTI common stock, and, as of on or about November 2, 2018, had fully recouped its OPTI investment on the Second SPA and the Second Note.

13. Thereafter, on or about June 15, 2018, the Company executed, *inter alia*, a certain Securities Purchase Agreement (hereinafter the "Third Purchase Agreement," the "June 2018 SPA" or the "Third SPA") and a certain Convertible Promissory Note (hereinafter the "June 2018 Note" or the "Third Note" and, with the Third SPA and other documents, collectively hereinafter the "June 2018 Transaction Documents" or the Third Transaction Documents"), thereby entering into another contract with Plaintiff Auctus for its further investment in OPTI. *See* Third Purchase Agreement, attached, restated and incorporated by reference herein as **Exhibit A**; Third Note, attached, restated and incorporated by reference herein as **Exhibit B**.

14. On or about July 16, 2018, the Company executed, *inter alia*, a certain Securities Purchase Agreement (hereinafter the "Fourth Purchase Agreement," the "July 2018 SPA" or the "Fourth SPA") and a certain Convertible Promissory Note (hereinafter the "July 2018 Note" or the "Fourth Note" and, with the Fourth SPA and other documents, collectively hereinafter the "July 2018 Transaction Documents" or the "Fourth Transaction Documents"), thereby entering into a further contract with Plaintiff Auctus for its additional investment in OPTI. *See* Fourth Purchase Agreement, attached, restated and incorporated by reference herein as **Exhibit C**; Fourth Note, attached, restated and incorporated by reference herein as **Exhibit D.**

15. On or about January 11, 2019, the Company executed, *inter alia*, a certain Securities Purchase Agreement (hereinafter the "Fifth Purchase Agreement," the "January 2019 SPA" or the "Fifth SPA") and a certain Convertible Promissory Note (hereinafter the "January 2019 Note" or the "Fifth Note" and, with the Fifth SPA and other documents, collectively hereinafter the "January 2019 Transaction Documents" or the "Fifth Transaction Documents" and with the Third Transaction Documents and Fourth Transaction Documents, collectively hereinafter the "Transaction Documents"), thereby entering into an additional contract with Plaintiff Auctus for its continued investment in OPTI. *See* Fifth Purchase Agreement, attached, restated and incorporated by reference herein as **Exhibit E**; Fifth Note, attached, restated and incorporated by reference herein as **Exhibit F.**

16. On or about January 11, 2019, the Company executed, a certain Common Stock Purchase Warrant, (hereinafter "CSP"), thereby entering into an additional

> contract with Plaintiff Auctus for its continued investment in the Defendant OPTI. See CSP, attached, restated and incorporated by reference herein as **<u>Exhibit G.</u>**
>
> 17. On or about March 25, 2019, Auctus notified Defendants that it defaulted on certain Convertible Promissory Notes, and sent a Demand Letter notifying the Company of its default.

Prior Complaint (**<u>Exhibit 2</u>**), ¶¶ 11-17 & <u>Exhibit A-G</u>.

13. On or about January 23, 2020, Defendants executed an amendment to their contracts with the Plaintiff, "Amendment to the Convertible Promissory Notes, as issued on June 15, 2018, July 16, 2018, and January 11, 2019 (hereinafter "Amendment #1"), which agreement was executed by Defendant Pawson. *See* Prior Complaint, Amendment #1 (**<u>Exhibit H</u>**).

14. By Amendment #1, the Parties agreed that June 2018 Transaction Documents, July 2018 Transaction Documents and the January 2019 Transaction Documents remained in force and effect. *See Id.,* Amendment #1 (**<u>Exhibit H</u>**), at p.1, ¶¶ A & B.

15. In Amendment #1, the Parties agreed that,

> "The Company and the Holder [Auctus] acknowledge and agree that [June 2018 – Third] Note … is currently outstanding in the amount of $288,602.90 (the '[June 2018 – Third] Note … Balance'), [July 2018 – Fourth] Note … is currently outstanding in the amount of $206,421.68 (the [July 2018 – Fourth] Note … Balance'), and [January 2019 – Fifth] Note … is currently outstanding in the amount of $181,631.68 (the [January 2019 – Fifth] Note … Balance')."

*See Id.* Amendment #1 (**<u>Exhibit H</u>**), at p.1, ¶ B.

16. By Amendment #1, the Parties further agreed that "[t]he Holder [Auctus] is entitled to convert the [June 2018 – Third] Note … Balance, [July 2018 – Fourth] Note … Balance, and [January 2019 – Fifth] Note … Balance into shares of the Company's common stock as provided in the Notes." *See Id.* Amendment #1 (**<u>Exhibit H</u>**), at p.1, ¶ C.

17. On or about July 10, 2020 and as a result of various breaches and violations of law by the Defendants, the Plaintiff was forced filed the Prior Complaint and the Prior Litigation

against Defendants OPTI and Pawson, in the U.S. District Court for the District of Massachusetts alleging, *inter alia*, violations of Section 10(b) of the Securities Exchange Act of 1934, as amended, Rule 10b-5, breach of contract, unjust enrichment, and breach of fiduciary duty, *inter alia*, in an effort to recover thousands of dollars of Plaintiff's investment. *See Id.*

18. On or about August 17, 2020, the Plaintiff and Defendants entered into a certain Note Settlement Agreement, permitting the resolution of certain disputes between the Parties. *See* Note Settlement Agreement, with Amendment #2 to Notes I, II and III (Exhibit A thereto), Conversion Notice (Exhibit B thereto) and Irrevocable Letter of Instruction to Issuer Direct Corporation, OPTEC International, Inc.'s Transfer Agent (Exhibit C thereto) (hereinafter the "Note Settlement Agreement"), as attached, restated and incorporated by reference herein as **Exhibit 3**.

19. By its execution of the Note Settlement Agreement, the Plaintiff agreed to amend, *inter alia*, the Notes, and to certain amended repayment and conversion provisions. Auctus did not agree to, however, and has never agreed to release, discharge and/or waive any rights or claims against the Defendants, whether in a limited release or a general release, from other contracts or claims that it may have or might bring against the Defendants. *See* Note Settlement Agreement (**Exhibit 3**).

20. The Note Settlement Agreement does provide for not, and has no provision providing for, a limited or general release and/or discharge the Defendants from other contracts or claims that Plaintiff may have or might bring against the Defendants. *See Id.*

21. By the Note Settlement Agreement, the Plaintiff was specifically only required to dismiss the Prior Litigation "without prejudice," and thereby permit Auctus to refile certain claims, if appropriate and necessary, against the Defendants. *See Id.* (**Exhibit 3**), at p.4, ¶ 8.

22. Between in or about August 2020 and in or about December 2020, the Plaintiff converted the debt, as owed by the Defendants, into equity and liquidated its shares in accordance with the Note Settlement Agreement.

23. On or about December 22, 2020 and in accordance with the Note Settlement Agreement, the Plaintiff filed the Stipulation of Dismissal *Without Prejudice* in the Prior Litigation. *See* Stipulation of Dismissal Without Prejudice, dated December 22, 2020, (hereinafter the "Stipulation"), as attached, restated and incorporated by reference herein as **Exhibit 4** (emphasis added).

24. On or about December 28, 2020, the Plaintiff exercised its Common Stock Purchase Warrant, which was also acquired from the Defendants, and issued an Exercise Notice to the Defendants. *See* Common Stock Warrant, dated January 11, 2019 (hereinafter the "Warrant"), as attached, restated and incorporated by reference herein as **Exhibit 5**; *see also*, Auctus Fund, LLC's Warrant Exercise Notice, dated December 28, 2020, as attached, restated and incorporated by reference herein as **Exhibit 6**.

25. Under the terms of the Warrant, the "exercise price" of the OPTI shares was upon a formula, on a per share basis, and as provided by the Warrant (hereinafter the "Exercise Price"). See Warrant (**Exhibit 5**), at p.1. Thus, for the Plaintiff's exercise of the Warrants to make economic sense for Auctus and be an appropriate investment strategy for the Plaintiff, the price shares of OPTI had to be "in the money," i.e., the shares traded in the public securities markets at a price above the Exercise Price.

26. In or about late December 2020, the Defendants refused to honor the Exercise Notice of the Plaintiff and refused to issue shares of common stock to Auctus in accordance with the terms and conditions of the Warrants.

27. In or about February 2021, the price of OPTI shares exceeded the Exercise Price in the Plaintiff's Warrant, and were in the money. Indeed, on or about February 11, 2021, the price of OPTI shares traded at a high of $0.44 per share, and the Defendants' refusal to honor the Plaintiff's Warrant caused substantial lost opportunity and lost profits for Auctus.

28. Thereafter, between in or about late February 2021 and to the present date, the price of OPTI shares has declined substantially, causing such Warrant of the Plaintiff to be "under water," or at a price which does not make economic sense for the Plaintiff to exercise the same. Indeed, on or about September 7, 2021, OPTI shares have recently traded on a range of approximately $0.0355 per share, to approximately $0.0445 per share, on volume of approximately 21,354,291 shares for that day.

29. In sum, the Defendants have committed federal and state securities fraud, unfair and deceptive trade practices, and has perpetrated a fraud and deceit upon the Plaintiff, which suffered as a consequence. Throughout, the Defendants have been unjustly enriched and converted the Plaintiff's assets, causing it to suffer further damages and injuries. As a result of the fraudulent scheme, actions, concealment, and omissions of the Defendants, the Plaintiff lost substantial profits and lost opportunity in the refusal of the Defendants to honor the Warrant, to issue shares of OPTI or to permit the exercise of the Plaintiff's Warrant.

## V. VIOLATIONS OF LAW

### COUNT I - VIOLATIONS OF FEDERAL SECURITIES LAWS (as to both Defendants)

30. The Plaintiff reasserts Paragraphs 1 through 29 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

31. The Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, in that, as described herein, and in connection with the purchase, offer and sale of securities, in that they knowingly, recklessly and intentionally:

a) employed manipulative and deceptive devices and contrivances;

b) employed devices, schemes and artifices to defraud;

c) made untrue statements of material fact and omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and

d) engaged in acts, practices and a course of business which operated as a fraud or deceit upon the Plaintiff.

32. During the relevant time period and as set forth herein, the Defendants, jointly and severally, singly and in concert, directly and/or indirectly, engaged in one or more common plans, schemes, and unlawful courses of conduct, to operate or perpetrate a fraud or deceit upon the Plaintiff, in connection with the offer, purchase and/or sale of OPTI securities.

33. During the relevant time period and as set forth herein, the Defendants, jointly and severally, singly and in concert, directly and/or indirectly, knowingly or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud and deceit upon Plaintiff in connection with the offer, purchase and/or sale of OPTI securities.

34. During the relevant time period and as set forth herein, the Defendants, jointly and severally, singly and in concert, directly and/or indirectly, published and disseminated false, deceptive and untrue statements of material facts to the Plaintiff in connection with the offer, purchase and/or sale of OPTI securities.

35. During the relevant time period and as set forth herein, the Defendants omitted material facts, with a duty to disclose such material facts, which a reasonable investor would require in order to make its investment decision, and in order to mislead the Plaintiff in connection with the offer, purchase and/or sale of OPTI securities.

36. During the relevant time period and as set forth herein, the Defendants made misrepresentations of material fact, and/or omitted material facts while a duty to disclose the same, which a reasonable investor, including the Plaintiff, would require in making its investment decision, and upon which it relied, to its detriment.

37. During the relevant time period and as set forth herein, the Defendants' purpose and effect of the scheme, plan, and unlawful course of conduct was, *inter alia*, to induce Plaintiff and others to purchase OPTI securities.

38. As a direct and proximate cause of the violations of the federal securities laws by the Defendants, Auctus has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment, and resulted in the unjust enrichment of the Defendants.

**COUNT II – "CONTROL PERSON" LIABILITY**
**UNDER THE FEDERAL SECURITIES LAWS**
**(as to both Defendants)**

39. The Plaintiff reasserts Paragraphs 1 through 38 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

40. During the relevant time period and as set forth herein, the Defendants are, and were during the relevant time, "control persons" within the meaning of Section 20(a) of the Exchange Act, 15 U.S.C. §78t(b).

41. In addition to their direct liability, the Defendants are liable to the Plaintiff for the conduct of the Company and such individual(s), as described herein, in that:

a) at all times material hereto, the Defendants controlled certain individual(s) of the Company, in their employ and/or subject to their authority, supervision and/or control, respectively, directly or indirectly;

b) at all times material hereto and with respect to all of the transactions and misrepresentations described herein, such individual(s), in their employ and/or subject to their authority, supervision and/or control, respectively, and/or as officers, employees and/or agents of the Defendants committed acts, practices and/or courses of conduct which were in violation of their obligations under the federal securities laws and the standards of the securities industry;

c) at all times material hereto, the Defendants failed to have policies, practices and/or procedures in effect, which were adequate, sufficient, necessary and/or appropriate in order to monitor and supervise the actions of such individual(s), as described herein, and adequate, sufficient, necessary and/or appropriate to prevent said actions, practices and/or courses of conduct from occurring and continuing to occur; and/or

d) at all times material hereto, the Defendants, with respect to the Plaintiff's investment, failed to properly or sufficiently implement, execute and/or utilize the policies, practices and/or procedures which they had in effect and which purportedly were intended and designed to monitor and supervise the actions of such individual(s), described herein and to prevent said actions from occurring and continuing to occur.

42. The Defendants, jointly and severally, singly and in concert, directly and/or indirectly, benefitted from fees, profits, gains, interest, commissions and/or other monies, as derived from the conduct of such individual(s), as described herein.

43. As "control persons," the Defendants are liable for the false and fraudulent actions, practices, courses of conduct and/or omissions of those controlled persons committing a fraud and deceit in connection with the offer, purchase and/or sale of OPTI securities, at the time of the

wrongs alleged herein and as set forth herein, within the meaning of Section 20(a) of the Exchange Act, as the Defendants had the supervision, power, authority, and influence over such controlled persons, and exercised the same as described herein.

44. The Defendants' control, authority, supervision and/or positions made them privy to and provided them with knowledge, actual and/or apparent, as to the material misrepresentations and the omissions of material facts, with a duty to disclose, as to the Plaintiff.

45. As a direct and proximate cause of the violations of the federal securities laws by the Defendants, Plaintiff Auctus has suffered, and continues to suffer, irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment, and resulted in the unjust enrichment of the Defendants.

**COUNT III - VIOLATIONS OF MASSACHUSETTS STATE SECURITIES LAWS**
**(as to both Defendants)**

46. The Plaintiff reasserts Paragraphs 1 through 45 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

47. The Defendants violated Massachusetts Uniform Securities Act, Massachusetts General Laws Chapter 110A, §§ 101, *et seq.*, *as amended,* in that, as described herein, it offered and sold securities by means of untrue statements of material fact.

48. The Defendants recklessly and intentionally omitted disclosure of pertinent material facts in an attempt to make its previous statements appear to not be misleading.

49. During the relevant time period and as set forth herein, the Defendants, jointly and severally, singly and in concert, directly and/or indirectly, engaged in one or more common plans, schemes, and unlawful courses of conduct, to operate or perpetrate a fraud or deceit upon the Plaintiff, in connection with the offer, purchase and/or sale of OPTI securities.

50. During the relevant time period and as set forth herein, the Defendants, jointly and severally, singly and in concert, directly and/or indirectly, knowingly or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud and deceit upon Plaintiff in connection with the offer, purchase and/or sale of OPTI securities.

51. During the relevant time period and as set forth herein, the Defendants, jointly and severally, singly and in concert, directly and/or indirectly, published and disseminated false, deceptive and untrue statements of material facts to the Plaintiff in connection with the offer, purchase and/or sale of OPTI securities.

52. During the relevant time period and as set forth herein, the Defendants omitted material facts, with a duty to disclose such material facts, which a reasonable investor would require in order to make its investment decision, and in order to mislead the Plaintiff in connection with the offer, purchase and/or sale of OPTI securities.

53. During the relevant time period and as set forth herein, the Defendants made misrepresentations of material fact, and/or omitted material facts while a duty to disclose the same, which a reasonable investor, including the Plaintiff, would require in making its investment decision, and upon which it relied, to its detriment.

54. During the relevant time period and as set forth herein, the Defendants' purpose and effect of the scheme, plan, and unlawful course of conduct was, *inter alia*, to induce Plaintiff and others to purchase OPTI securities.

55. As a direct and proximate cause of the violations of the Massachusetts state securities laws by the Defendants, Auctus has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment, and resulted in the unjust enrichment of the Defendants.

**COUNT IV – "CONTROL PERSON" LIABILITY**
**UNDER THE MASSACHUSETTS SECURITIES LAWS**
**(as to both Defendants)**

56. The Plaintiff reasserts Paragraphs 1 through 55 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

57. During the relevant time period and as set forth herein, the Defendants are, and were during the relevant time, "control persons" within the meaning of Section 410(b) of the Massachusetts Uniform Securities Act, M.G.L. c. 110A.

58. Massachusetts General Laws, Chapter 110A, Section 410(b) provides, in pertinent part, as follows:

> Every person who directly or indirectly controls a seller liable under subsection (a), every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale, and every broker-dealer or agent who materially aids in the sale are also liable jointly and severally with and to the same extent as the seller, unless the non-seller who is so liable sustains the burden of proof that he did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

M.G.L. c.110A, § 410(b).

59. In addition to their direct liability, the Defendants are liable to the Plaintiff for the conduct of the Company and such individual(s), as described herein, in that:

> a) at all times material hereto, the Defendants controlled certain individual(s) of the Company, in their employ and/or subject to their authority, supervision and/or control, respectively, directly or indirectly;
>
> b) at all times material hereto and with respect to all of the transactions and misrepresentations described herein, such individual(s), in their employ and/or subject to their authority, supervision and/or control, respectively, and/or as officers, employees and/or agents of the Defendants committed acts, practices and/or courses of conduct which were in violation of their obligations under the federal securities laws and the standards of the securities industry;
>
> c) at all times material hereto, the Defendants failed to have policies, practices and/or procedures in effect, which were adequate, sufficient, necessary and/or

appropriate in order to monitor and supervise the actions of such individual(s), as described herein, and adequate, sufficient, necessary and/or appropriate to prevent said actions, practices and/or courses of conduct from occurring and continuing to occur; and/or

d) at all times material hereto, the Defendants, with respect to the Plaintiff's investment, failed to properly or sufficiently implement, execute and/or utilize the policies, practices and/or procedures which they had in effect and which purportedly were intended and designed to monitor and supervise the actions of such individual(s), described herein and to prevent said actions from occurring and continuing to occur.

60. The Defendants, jointly and severally, singly and in concert, directly and/or indirectly, benefitted from fees, profits, gains, interest, commissions and/or other monies, as derived from the conduct of such individual(s), as described herein.

61. As "control persons," the Defendants are liable for the false and fraudulent actions, practices, courses of conduct and/or omissions of those controlled persons committing a fraud and deceit in connection with the offer, purchase and/or sale of OPTI securities, at the time of the wrongs alleged herein and as set forth herein, within the meaning of Section 410(b) of the Massachusetts Uniform Securities Act, M.G.L. c. 110A, as the Defendants had the supervision, power, authority, and influence over such controlled persons, and exercised the same as described herein.

62. The Defendants' control, authority, supervision and/or positions made them privy to and provided them with knowledge, actual and/or apparent, as to the material misrepresentations and the omissions of material facts, with a duty to disclose, as to the Plaintiff.

63. As a direct and proximate cause of the violations of the Massachusetts securities laws by the Defendants, Plaintiff Auctus has suffered, and continues to suffer, irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment, and resulted in the unjust

enrichment of the Defendants.

**COUNT V – BREACH OF CONTRACT**
**(as to Defendant OPTI only)**

64. The Plaintiff reasserts Paragraphs 1 through 63 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

65. Pursuant to the Transaction Documents and the Warrant, the Fund invested in the Company and sought to become a shareholder, in good faith, to join the Company in the accomplishment of its business goals and in accordance with the standards of the business and the securities industry. The Fund contends that the Defendant breached the contract with the Plaintiff by its conduct, as described herein.

66. The Fund alleges that the Company is liable for a breach of contract and for a breach of an implied covenant of good faith and fair dealing. A breach of contract is failure without excuse to perform a duty, which is due under the contract. Additionally, the interpretation of a contract is a question of law, not fact. If the wording is not ambiguous, then the contract must be enforced according to its plain terms.

67. The Plaintiff performed its obligations under the Warrant and the Transaction Documents, and in good faith.

68. Defendant OPTI, by its conduct described herein, violated the Warrant and the Transaction Documents, breaching its contract with the Plaintiff.

69. As a direct and proximate cause of the Defendant's breaches of its contract, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

**COUNT VI – BREACHES OF IMPLIED**
**COVENANT OF GOOD FAITH-FAIR DEALING**
**(as to Defendant OPTI only)**

70. The Plaintiff reasserts Paragraphs 1 through 69 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

71. It is well established in that every contract carries an implied covenant of good faith and fair dealing whereby the parties treat each other fairly and act in good faith and no party to the contract shall take any action to harm another party's rights under the contract. The duty imposed by this "implied covenant of good faith and fair dealing" pertains to bad faith in the performance of a contract, not just in its execution or negotiation. Implicit in every contract is the requirement on faithfulness to an agreed upon common purpose and consistency with the justified expectations of the other party.

72. A breach of contract is the failure to perform for which legal excuse is lacking. As a matter of law, a contract existed, which the Company breached and failed to comply with the covenant of good faith and fair dealing. The law is clear - the Fund had a binding contract and the Company has no legal basis, as a matter of law, to avoid its obligations under the Warrant and the Transaction Documents or the damages, including but not limited to damages, including lost opportunity and lost profits set forth in such Warrant, which arose as a result from the breach of the Warrant and the Transaction Documents.

73. The Defendant had a duty of good faith and fair dealing in its dealings with the Plaintiff and pursuant to the promises, contract, and statements made to the Plaintiff to induce it to enter into the Note Settlement Agreement and provide consideration to the Defendant in exchange for its promise to honor it's the Note Settlement Agreement, the Warrant and the Transaction Documents.

74. Under the covenant, the Defendant was obligated to good faith perform of its obligations under the Warrant and the Transaction Documents with the Plaintiff, and to be faithful and consistent to the justified expectations of the Plaintiff.

75. As described above, the Defendant breached the implied covenant of good faith and fair dealing with the Plaintiff.

76. As a direct and proximate cause of the Defendant's breaches of the implied covenant of good faith and fair dealing, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

**COUNT VII – UNJUST ENRICHMENT**
**(as to both Defendants)**

77. The Plaintiff reasserts Paragraphs 1 through 76 of the Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

78. The Defendants illegally received assets and benefits from the Plaintiff, as arising from its false and fraudulent statements and misrepresentations, and without providing equivalent value therefor.

79. The Defendants' actions, courses of conduct, and omissions were wantonly, intentionally, and maliciously conducted against the Plaintiff, to its detriment.

80. The Defendants have been unjustly enriched by its actions, as described herein.

81. As a direct and proximate cause of the Defendants' unjust enrichment, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

**COUNT VIII – BREACH OF FIDUCIARY DUTY**
**(as to both Defendants)**

82. The Plaintiff reasserts Paragraphs 1 through 81 of the Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

83. A fiduciary relationship existed between the Plaintiff and the Defendants, requiring them to act with a duty of the utmost loyalty and trust on behalf of the Plaintiff. As fiduciaries, the Defendants were required to maintain and protect the welfare of the Plaintiff.

84. By engaging in the conduct described herein, the Defendants breached their fiduciary duties to the Plaintiff.

85. As a direct and proximate cause of the Defendants' breach of fiduciary duty, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

**COUNT IX - FRAUD AND DECEIT**
**(as to both Defendants)**

86. The Plaintiff reasserts Paragraphs 1 through 85 of the Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

87. The actions of the Defendants described herein constitute fraud and deceit, including but not limited to the following:

a) the Defendants made false representations of material facts, and/or omitted material facts with a duty of disclosure, knowing or having reason to know of their falsity;

b) the Defendants made said misrepresentations and omissions for the purpose of inducing reliance from the Plaintiff; and

c) the Plaintiff did rely upon said misrepresentations and omissions, to its

detriment.

88. As a direct and proximate cause of the Defendants' fraud and deceit, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

**COUNT X - NEGLIGENT MISREPRESENTATION**
**(as to both Defendants)**

89. The Plaintiff reasserts Paragraphs 1 through 88 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

90. The conduct of the Defendants as described herein constitutes negligent misrepresentation in that the Defendants negligently provided the Plaintiff with erroneous and misleading information, and negligently omitted material information with a duty to disclose, to the Plaintiff's detriment.

91. As a direct and proximate cause of the Defendants' negligent misrepresentations, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

**COUNT XI - VIOLATIONS OF MASSACHUSETTS**
**CONSUMER PROTECTION ACT / M.G.L. C. 93A, §§ 2 & 11**
**(as to both Defendants)**

92. The Plaintiff reasserts Paragraphs 1 through 91 of the Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

93. At all relevant times, the Defendants conducted a trade or business, as defined by the Consumer Protection Act, M.G.L. c. 93A, within the Commonwealth of Massachusetts.

94. The conduct of the Defendants as described herein, constitutes unfair and deceptive trade practices, under M.G.L. c. 93A, §§ 2 & 11, including but not limited to that the Defendants:

a) executed the Warrant and the Transaction Documents with full knowledge and understanding of the Defendants' obligations to the Plaintiff, as evidenced by its previous completion of said obligations in the Note Settlement Agreement, and as evidenced by its refusal to honor the Warrant and the Transaction Documents;

b) by the Note Settlement Agreement, fraudulently induced the Plaintiff to invest in the Company and dismiss the Prior Litigation, and thereby breached their promise to honor their contracts with the Plaintiff;

c) by the Note Settlement Agreement, the Warrant, and the Transaction Documents, fraudulently concealed from the Plaintiff the full and complete financial and operational details and prospects of the Company in inducing the Plaintiff to execute Note Settlement Agreement and the Transaction Documents, in dismissing the Prior Litigation and refusing to honor its investment in the Company;

d) knowingly concealed these activities from Auctus, to its detriment; and/or

e) violated the requirements, terms and conditions of existing statutes, rules and regulations meant for the protection of the public's health, safety or welfare.

95. As a direct and proximate cause of the Defendants' violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, Sections 2 and 11, the Plaintiff has suffered irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## VI. REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff, Auctus Fund, LLC, respectfully requests that this Honorable Court grant it the following relief:

A) Order, grant and enter temporary, preliminary and permanent injunctive and equitable relief, and specific performance, and finding that the Plaintiff has suffered irreparable harm, has a likelihood of success on the merits, that the balance of hardships favors the Plaintiff and that it is in the public interest to grant such temporary, preliminary and permanent injunctive and equitable relief, and specific performance for the benefit of the Plaintiff, as set forth herein;

B) Determine that the Defendants are liable for all damages, losses, and costs, as alleged herein;

C) Determine and award the Plaintiff, Auctus Fund, LLC, the actual losses sustained by it as a result of the violations of law by the Defendants, as set forth herein;

D) Render a judgment and decision on behalf of the Plaintiff, Auctus Fund, LLC, on all Counts of the Complaint, and issue findings of fact and rulings of law, as necessary and appropriate, that the Defendants are liable, in all respects;

E) Order, decide, adjudge, and determine that the liability of the Defendants, is for all losses, injuries, and damages, special, consequential, general, punitive, and/or otherwise, and for all interest and costs, as alleged herein;

F) Award the Plaintiff, Auctus Fund, LLC, its costs, including, but not limited to, filing fees, costs, expenses and interest, for being required to prosecute this action;

G) Award the Plaintiff, Auctus Fund, LLC, its actual attorneys' fees, for being required to prosecute this action;

H) Award the Plaintiff, Auctus Fund, LLC, multiple, double, treble, and/or punitive damages in an amount to be determined;

I) Enter judgment on behalf of the Plaintiff, Auctus Fund, LLC, on the Complaint;

J) Order declaratory relief, as appropriate and as this Honorable Court deems necessary; and/or

K) Any additional relief which this Honorable Court deems just and proper.

**THE PLAINTIFF, AUCTUS FUND LLC,**
**DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Respectfully Submitted,
PLAINTIFF, Auctus Fund LLC,

By its Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (BBO No. 193530)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
47 Winter Street, Suite 800
Boston, Massachusetts 02108-4774
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

Dated: September 7, 2021